IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ELBERT MULDROW | § | |
| v. | § | CIVIL ACTION NO. 5:15cv167 |
| WARDEN BOB PAGE, ET AL. | § | |

MEMORANDUM OPINION AND ORDER OF DISMISSAL

The Plaintiff Elbert Muldrow, a former inmate of the Bowie County Correctional Center proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in the proceeding pursuant to 28 U.S.C. 636(c).

Copies of the order of reference to the Magistrate Judge and an order denying injunctive relief were sent to Muldrow at his last known address but were returned to the Court as undeliverable. The lawsuit form filed by Muldrow contains a declaration stating "I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of the lawsuit." (Docket no. 1, p. 4). The order granting *in forma pauperis* status, of which Muldrow received a copy on December 15, 2015, contains a paragraph stating "the Plaintiff shall notify the Court of any changes of address by filing a written notice of change of address with the Clerk. Failure to file such notice may result in the case being dismissed for want of prosecution." (Docket no. 8, p. 2).

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., *citing* Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

1

Muldrow's failure to notify the Court of his mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted. The imposition of fines and costs is not appropriate given the status and nature of this case. The incidents forming the basis of the complaint began in October of 2015, giving Muldrow ample time in which to refile his lawsuit, should he choose to do so, within the two-year limitations period. Upon consideration of all relevant factors, the Court has determined the interests of justice are best served by a dismissal of this lawsuit without prejudice, and it is therefore

**ORDERED** the above-styled civil action is **DISMISSED** without prejudice for failure to prosecute. Fed. R. Civ. P. 41(b). It is further

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 16th day of August, 2016.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE